

**IT IS ORDERED as set forth below:**


**Date: March 2, 2018**

_Wendy L. Hagenau_
_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 14-52414-WLH |
| | ) | |
| ADRIAN M. TISDALE, | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | JUDGE WENDY L. HAGENAU |
| | ) | |
| ADRIAN TISDALE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ADV. PROC. NO. 17-5221-WLH |
| | ) | |
| THE WESTMOORE GROUP, LLC, | ) | |
| JONATHAN MICHAEL BLOCK, _et al._, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER GRANTING DEBTOR'S MOTION TO REMAND COMPLAINT</u>

This matter is before the Court on The Westmoore Group, LLC and Jonathan Michael

Block's (together, "Defendants") "Motion to Remand and Request for Sanctions" ("Motion")

[Docket No. 6].

1

The parties to this Motion have litigated with each other for almost five years. The Debtor borrowed money from Defendant The Westmoore Group, LLC ("Westmoore") in 2011, secured by her home. In November 2013, Westmoore began foreclosure proceedings. The Debtor filed three separate civil actions before filing the current bankruptcy case. On October 10, 2013, the Debtor filed a suit in the Newton County Superior Court, which was dismissed on January 10, 2014, following a motion for voluntary dismissal by the Debtor. The Debtor also filed a civil action on October 31, 2013, styled <u>Tisdale v. Jonathan Block, The Westmoore Group LLC</u>, Civil Action No. 13-CV-3607 in the U.S. District Court for the Northern District of Georgia ("First District Court Action") and obtained an *ex parte* temporary restraining order stopping the November 2013 foreclosure sale. The District Court Action was dismissed on November 13, 2013. On January 24, 2014, the Debtor filed the action styled <u>Tisdale v. The Westmoore Group LLC, Jonathan Block, et al.</u>, Civil Action No. 14-CV-1589-3 in the Superior Court of DeKalb County ("State Court Action"). In that action, the Debtor again asked for a temporary restraining order to stop the pending foreclosure sale of her home. The Debtor alleged claims of fraud and conspiracy and violations of various federal laws, among other items. On February 4, 2014, the Debtor filed this bankruptcy case. On February 24, 2014, Defendants in the State Court Action removed it to the U.S. District Court for the Northern District of Georgia, Case No. 14-CV-00534 ("Second District Court Action").

Westmoore filed a proof of claim in the bankruptcy case to which the Debtor objected. After a hearing, the Court entered an order on the objection to claim on September 3, 2014 [Docket No. 56], fixing the amount of the arrearage and the secured claim to be paid under the Debtor's Chapter 13 Plan including $3,346.97 in attorney's fees ("Claim Order"). The Claim Order stated, "The remaining attorney's fees claimed are not allowed as a secured claim, but this Order is without prejudice to an assertion by The Westmoore Group LLC of attorney's fees as an

unsecured claim, if supported by other applicable non-bankruptcy law." The Claim Order also provided, "[T]he Debtor's objection to the outstanding principal amount due The Westmoore Group LLC will be held in abeyance pending a final order of the District Court in the litigation between the parties. The parties are directed to notify the Court when the final order is issued by the District Court."

On December 16, 2014, the U.S. District Court in the Second District Court Action entered an order dismissing the Debtor's claims under TILA and the Homeowner Equity Protection Act with prejudice and dismissing her Fair Debt Collections Practices Act and Real Estate Settlement Practice Act claims without prejudice and remanding the state law claims back to DeKalb County. The Debtor's appeal of this order was dismissed. The Debtor filed another objection to Westmoore's claim on October 16, 2014 [Docket No. 65] which, again after a hearing, the Court denied. [Docket No. 95]. In response to a motion for relief from stay by Westmoore, the Court entered an order on March 24, 2015 [Docket No. 119] that denied Westmoore's request for relief from the stay but permitted Westmoore to prosecute and assert counterclaims in the State Court Action including those for attorney's fees and provided "Movant [Westmoore] may liquidate its claim in the Superior Court action referenced in the Motion. Movant, however, may not take any steps to collect any sums that may be awarded to Movant on such counterclaim."

The DeKalb County Superior Court awarded Westmoore additional attorney's fees of $61,231. Westmoore then filed Claim No. 20 in the bankruptcy case asserting an unsecured claim for $61,231. The Debtor again objected to this proof of claim, alleging she had appealed the superior court's order.[1]  As a result, this Court entered an order on October 25, 2016,

---

[1] The Debtor alleges the Court of Appeals reversed some portion of the DeKalb Superior Court's order but it is not clear to this Court the status of the State Court Action.

directing that the additional claim would not receive any disbursements from the Trustee until further order of the Court.  [Docket No. 158].

On August 18, 2017, the Debtor filed a Notice of Removal of the State Court Action, creating this adversary proceeding.  The Notice of Removal purports to be pursuant to 28 U.S.C. §§ 1441(a) and 1452 and includes a "Motion for damages under RESPA/TILA/GAFLA Violation".

In response to the Notice of Removal, Westmoore and Block filed this Motion to Remand, to which the Debtor has responded.  The Motion asserts that removal pursuant to 28 U.S.C. § 1441 is only available to defendants, that removal was procedurally improper pursuant to 28 U.S.C. § 1447, and that removal was untimely under 28 U.S.C. § 1446 and Fed. R. Bankr. P. 9027.   Additionally, the motion asserts the complaint should be remanded on equitable grounds pursuant to 28 U.S. C. § 1452 or in the alternative this court should abstain under 28 U.S.C. § 1334.

## CONCLUSIONS OF LAW

The Debtor filed her removal notice under 28 U.S.C. §§ 1441 and 1452.  The general removal statute is 28 U.S.C. § 1441 and "Except as otherwise expressly provided by Act of Congress", it applies to any civil action "brought in a State court of which the district courts of the United States have original jurisdiction".  When the claim to be removed is related to a bankruptcy case, however, 28 U.S.C. § 1452 governs removal.  That section provides, "A party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."  The procedure for removal under 28 U.S.C. § 1452 is governed by Fed. R. Bankr. P. 9027.  Since the Debtor removed the case to the bankruptcy court, asserting the bankruptcy court has jurisdiction, she is presumably relying on 28 U.S.C. § 1452.

If the removed cause of action were not at least "related to" the bankruptcy case, the Court would not have jurisdiction to hear it. Ger. Am. Capital Corp. v. Oxley Dev. Co., LLC (In re Oxley Dev. Co., LLC), 493 B.R. 275, 283 (Bankr. N.D. Ga. 2013). Remand of a cause of action which has been removed under 28 U.S.C. § 1452 is governed by 28 U.S.C. § 1452(b) which permits the court to remand the claim "on any equitable ground". Remand is also addressed by Fed. R. Bankr. P. 9027.

"The Court must strictly construe removal statues." Barstad v. Davidson et al. (In re Barstad), 2017 WL 6543331, *3 (Bankr. D. Mont. Dec. 21, 2017). A review of Fed. R. Bankr. P. 9027 reflects that the Debtor has not complied with the requirements set out therein. First, any removal must be made

> within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). In this case, the Debtor's bankruptcy petition was filed in 2014 and relief from the stay was granted to Westmoore on March 24, 2015. The Debtor's removal of the action is not timely. Moreover, Rule 9027 requires that the notice of removal include copies of all of the process and pleadings from the State Court Action. The Debtor did not include copies of those pleadings. Finally, Rule 9027 requires the removing party to include a statement "that upon removal of the claim or cause of action, the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy court". This statement is also not included. For these reasons alone, the Debtor's removal of the State Court Action is improper.

The Motion requests the case be remanded to the state court not only because initial removal was improper, but also on equitable grounds. Unlike remand under 28 U.S.C. § 1447, there is no thirty-day time limit for filing a request for remand under 28 U.S.C. § 1452. See

Cargill Inc. v. Man Fin. Inc. (In re REFCO, Inc.), 354 B.R. 515, 520 (8th Cir. B.A.P. 2006);
Turner Grain Merch. Inc. v. LTD Farms Partn. et al. (In re Turner Grain Merch., Inc.), 545 B.R.
261, 275 (Bankr. E.D. Ark. 2016); Texas Gulf Trawling Co. Inc. v. RCA Trawlers & Supply Inc.
et al. (In re Ciclon Negro, Inc.), 260 B.R. 832, 836 (Bankr. S.D. Tex. 2001); Billington v.
Winograde (In re Hotel Mt. Lassen, Inc.), 207 B.R. 935, 939 (Bankr. E.D. Calif. 1997).

The Court has broad authority to remand a properly removed case on any equitable
ground.  "Equitable remand under § 1452(b), much like permissive abstention, requires that
courts utilize a flexible, factor-based balancing test, the application of which 'will vary with the
particular circumstances of each case'".  Parker v. Nationwide Mutual Ins. Co. (In re Duran),
2018 WL 989016 *5 (Bankr. N.D. Ohio Feb. 16, 2018) (cites omitted); Zahn Law Firm v. Baker
(In re Baker), 577 B.R. 308, 311 (8th Cir. B.A.P. 2017); Rayonier Wood Products L.L.C. v.
Scanware, Inc. et al. (In re Scanware, Inc.), 411 B.R. 889, 897-98 (Bankr. S.D. Ga. 2009).  The
factors to be considered include the following:

1.    the effect or lack thereof on the efficient administration of the estate;

2.    the extent to which state law issues predominate over bankruptcy issues;

3.    the difficulty or unsettled nature of the applicable law;

4.    the presence of a related proceeding commenced in state court or other non-
bankruptcy court;

5.    the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

6.    the degree of relatedness or remoteness of the proceeding to the main bankruptcy
case;

7.    the substance rather than the form of an asserted core proceeding;

8.    the feasibility of severing state law claims from core bankruptcy matters;

9.    the burden on the bankruptcy court's docket;

10. the likelihood that the commencement of the proceeding involves forum shopping;

11. the existence of the right to a jury trial;

12. the presence in the proceeding of non-debtor parties;

13. judicial economy;

14. the possibility of prejudice to unremoved parties;

15. the possibility of inconsistent results; and

16. whether the court where the action originated has greater expertise.

Id.

A review of the factors in this case leads the Court to conclude that remand is appropriate. First, to the extent the Debtor seeks affirmative relief for a variety of causes of action, those causes of action do not affect the outcome of the bankruptcy case. None of the issues presented in the complaint involve bankruptcy issues. All of the issues are either those of non-bankruptcy federal law or state law. To the extent the Debtor contests the attorney's fees award by the state court, the state court is the appropriate place to make that determination. This Court has already lifted the stay for the state court to make that determination. To the extent the Debtor desires a jury trial, the state court is the better forum. The fact that the Debtor has litigated the matter in state court for several years through an appeal is further reason for the state court to complete all litigation between the parties. The Debtor complains the state court is prejudiced against her. The Debtor's attempt to remove this cause of action four years after it was brought and after it has already been removed and remanded smacks of forum shopping. After four years of litigation in the state court, a removal to a new court to begin new litigation is prejudicial to Westmoore, Block and other defendants.

The Court therefore concludes that equitable remand of the removed State Court Action is appropriate.  Because the factors for determining equitable remand and permissive abstention under 28 U.S.C. § 1334(c) are the same, abstention in this matter is also appropriate.

It is therefore ORDERED that the Motion to Remand is GRANTED and this case is remanded to the Superior Court of DeKalb County.

### ### END OF ORDER ###

**<u>DISTRIBUTION LIST</u>**

Adrian Tisdale
180 Pebble Brooke Ct
Covington, GA 30016

Louis G. McBryan
McBryan, LLC
Suite 1150
1380 West Paces Ferry Rd.
Atlanta, GA 30327